Estate of Frederic C. Bellinger, Deceased, Edmund B. Bellinger, Executor v. Commissioner.
Estate of Frederic C. Bellinger v. Commissioner
Docket No. 4562.
United States Tax Court
1946 Tax Ct. Memo LEXIS 264; 5 T.C.M. (CCH) 90; T.C.M. (RIA) 46040; February 14, 1946
*264 Edmund B. Bellinger, Esq., for the petitioner. Thomas R. Charshee, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of $513.62 for the period September 9 to December 31, 1941, and $720.90 for the year 1942, and a delinquency penalty of $25.68 for the year ending December 31, 1941. The petitioner assails the determination that distributions made by a partnership in the amounts of $4,990.45 and $4,280.25 in the taxable years 1941 and 1942, respectively, are taxable income to petitioner, and the assertion of the delinquency penalty. Findings of Fact Edmund B. Bellinger is the executor of the last will and testament of Frederic C. Bellinger, who died September 9, 1941. The fiduciary income tax returns for the estate for the taxable period from September 9, 1941, to December 31, 1941, and for the calendar year 1942, were filed in the 2nd District for New York on March 16, 1942, and March 14, 1943, respectively. March 15, 1942, was Sunday. Pursuant to a written agreement dated January 4, 1927, Frederic C. Bellinger became a partner of the law firm of Coudert Brothers. The agreement *265 provided, inter alia, as follows: 4. * * * The undersigned, Frederic C. Bellinger, shall be entitled to receive in lieu of all proportion of the net profits, an amount equal to three per cent (3%) remaining from the firm's income after deduction therefrom of the firm's expenses. 5. The several parties hereto recognize and agree that Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. are, and at all times shall be, the owners of the law practice of COUDERT BROTHERS and the clientele, accounts receivable, choses in action and all other property and assets of COUDERT BROTHERS and also of the exclusive right to practice law under either of the firm names of COUDERT BROTHERS and COUDERT FRERES, and also of the rights of COUDERT BROTHERS in and to COUDERT FRERES, the office of which is at 39 Boulevard Haussmann, Paris; that Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. are contributing the same, during the period of this extended partnership only, to the uses of the same; and that upon the expiration or earlier termination of this partnership the matters and things so contributed as well as the acquisitions of the same character of the firm during the *266 continuance of this partnership shall be free and exempt from all right, title, interest or claim thereto by others of the undersigned than the said Frederic R. Coudert, Paul Fuller, Jr. and Frederic R. Coudert Jr. and/or the survivors of the said Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. 6. Each of the undersigned agrees that if, when and as any of them shall cease to be such partner, whether such cessation be due to the expiration or earlier termination of this agreement, or withdrawal from the firm, or the ending of association therewith as provided in Paragraph 9 hereof, the rights and percentage shares of Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. and/or the survivors of Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. shall be and thereby become increased in equal proportion to the extent of the percentage share and other rights, if any, of each so ceasing to be a partner. 7. In case of the death or withdrawal of any partner or the termination of the association of any partner by act of Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. as provided in this agreement prior to the expiration or earlier *267 termination of this partnership, the estate of such deceased partner or such withdrawing partner or such partner, as to whom such termination shall have been so effected, shall be entitled to receive, except as otherwise provided herein, for a period of two years after his death, withdrawal or such termination, from this firm or the entity succeeding to or continuing the firm of COUDERT BROTHERS, an amount equal to his proportion of the profits of the practice conducted hereunder during such two years as specified in Paragraph 4 hereof, except, however, that in case such deceased or withdrawing partner or the partner as to whom such termination shall be so effected shall have been associated with the firm of COUDERT BROTHERS as the same has heretofore existed and howsoever composed either as a partner or employee for a period less than five years prior to such death, withdrawal or termination, he or his estate shall be entitled to receive for such period of two years only an amount equal to such fraction of his proportion of the profits specified in Paragraph 4 as the period of his connection with the firm of COUDERT BROTHERS bears to five years. * * * * *
9. Frederic R. Coudert, *268 Paul Fuller Jr. and Frederic R. Coudert Jr. shall have the right and power at any and all times to terminate and bring to an end the association of any one or more of the other parties hereto as partners hereunder or otherwise of said firm of COUDERT BROTHERS, and in case such termination and ending be so brought about the rights of the partner or partners in respect of whom such termination and ending shall have been so effected shall be the same as though such person or persons had voluntarily withdrawn at the time named by Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. for such termination and ending to go into effect, except that if any such termination be justified by culpable act or omission, the person so dropped shall not be entitled to any such compensation. 10. The compensation herein provided for the several partners upon the expiration or earlier termination of this partnership and/or upon the death, withdrawal or termination above provided for, shall be and constitute compensation for and be in lieu and satisfaction of all rights, participation, claim and demand of such partner in the unfinished matters of the firm, its business, clientele, property *269 and assets, of all and every character. 11. Each of the undersigned, except Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr., jointly and severally agree that they have not and will not make any claim to the name, business, clientele, property and assets of COUDERT BROTHERS as well in New York and in Paris and elsewhere, and as the said firm of COUDERT BROTHERS may now or hereafter be constituted. 12. The obligations and liabilities of COUDERT BROTHERS existing prior to the date of this agreement continue under this agreement among and are assumed by each and all of the parties hereto in the same manner and to the same extent as though such liabilities and indebtedness had been incurred by or on behalf of the firm of COUDERT BROTHERS subsequent to the date of this agreement. * * * * *
14. Changes in the membership of the firm resulting from death, withdrawal or termination of membership shall not operate to bring this partnership to an end but the same shall continue under the terms hereof among the remaining members. 15. Each of the undersigned agrees that the amounts which may become due to themselves or their estates by operation of Paragraph 7 hereof *270 shall be determined by said Frederic R. Coudert, Paul Fuller Jr. and Frederic R. Coudert Jr. whose determination shall in all respects be accepted as final. * * * * *
By an amendment dated January 21, 1929, Bellinger became entitled to 5 per cent of the net profits from January 1, 1929, to June 30, 1929, and 6 per cent of 91 per cent of the net profits on and after July 1, 1929. By an amendment dated May 12, 1939, he became entitled to 6 1/2 per cent of 81 per cent of the net profits after June 4, 1939. By letter dated May 21, 1940, Bellinger withdrew from the partnership. The withdrawal was accepted by letter dated May 22, 1940, stating: In accordance with the partnership agreement you as a withdrawing partner are entitled to receive the share that you would otherwise receive for a period of two years. This period can begin on June first so that you can make your corresponding arrangements. * * * * *
After his withdrawal Bellinger never worked for or with the successor partnership. His partnership profits in 1940 up to the date of his withdrawal, plus the amount he received for the remainder of the calendar year 1940, totalled $11,150.27. $4,990.45 was paid by Coudert *271 Brothers or credited to his estate for the period from the date of his death to and including December 31, 1941, and $4,280.25 was paid or credited to his estate by the successor firm of Coudert Brothers during 1942 up to the end of the two-year period. Memorandum Opinion STERNHAGEN, Judge: 1. Frederic C. Bellinger was a member of the firm of Coudert Brothers until May, 1940, when he withdrew. He died September 9, 1941. In accordance with the partnership agreement, he and his estate, after his withdrawal, each year for two years received an amount equal to the proportion of the firm's profits which he had been receiving during the period of his membership. We assume that the amounts received by Bellinger during his lifetime after his withdrawal were included by him in his income; for there is no suggestion by the Commissioner of a deficiency because of an omission of those amounts. The controversy here grows out of the omission by the estate of the amounts received after death, which the Commissioner has called income of the estate. The estate contends that such amounts are not income but are the return of a capital asset. This is on the theory that Bellinger owned an asset consisting *272 of his right to receive the amounts in question, and that upon his withdrawal this was acquired by the firm for a price measured by the proportion of the profits of the two years after his withdrawal. We think the theory is specious and contrary to the plain facts. Bellinger made no contribution to the partnership and had no assets or investment in the firm which they bought from him. Lest there should be any doubt of that, it was expressly provided in the partnership agreement that Coudert, Fuller and Coudert, Jr., were the owners of all the property and assets of the firm, and that all assets were free of any right, interest or claim of any of the other partners. Bellinger, among the others, expressly agreed that he would make no such claim. Thus the plain language of the partnership agreement refutes the idea that the amount received, which was called a "proportion of the profits of the practice," was in reality the price of the withdrawing member's assets or interest in the business. It was precisely what it was called in the agreement, and such proportion of the profits was what the revenue act taxes as income. Cf. . The language of *273 the Supreme Court in , is applicable. - "* * * the survivors have purchased nothing belonging to the decedent, who had made no investment in the business and owned no tangible property connected with it. The portion of the profits paid his estate was therefore income and not corpus * * *." The decision here must follow that case and hold that the amounts of $4,990.45 and $4,280.25 received by the estate from the partnership were within the estate's income. The Nutter [McClennen] case, , is plainly distinguishable, since it was predicated upon the fact that the partnership agreement provided that the partnership should pay for the deceased member's interest in the capital, assets and goodwill of the firm. This is also the distinction of the other cases relied on by the petitioner. 2. The Commissioner claims a delinquency penalty on the ground that the fiduciary return for 1941 was not filed until after March 16, 1942, the due date. He relies entirely on the rubber stamp date appearing on the return, which is April 16, 1942. The envelope in which the return was mailed has not been preserved *274 and was not produced at the trial. We have considered all the evidence upon this question of fact and have little doubt that the fiduciary return was in fact filed on March 16, 1942, the due date, and was not filed on April 16, 1942, as the Collector's stamp would indicate. The return was therefore filed on time, and no penalty is assessable. Decision will be entered under Rule 50.